IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA,                                                         PLAINTIFF,

v.                                CIVIL ACTION NO.       3:19-cv-135-HTW-LRA

ONE STAR ULTRASTAR .40 CALIBER
PISTOL WITH MAGAZINE, SERIAL
NUMBER 13607-95 and SEVEN ROUNDS
ASSORTED .40 CALIBER AMMUNITION,                 DEFENDANT PROPERTY.

**VERIFIED COMPLAINT FOR FORFEITURE *IN REM***

Plaintiff United States of America, by and through the United States Attorney for the Southern District of Mississippi and the undersigned Assistant United States Attorney, hereby brings this verified complaint for forfeiture *in rem* and alleges the following in accordance with Rule G(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rule"). Fed. R. Civ. P. Supp. G(2).

**NATURE OF THE ACTION**

1.     This is a civil action *in rem* to forfeit and condemn to the use and benefit of the United States of America the following property: one (1) Star Ultrastar .40 caliber pistol with a magazine, serial number 13607-95, and seven (7) rounds of assorted .40 caliber ammunition, (hereinafter, collectively called the "Defendant Property"), all of which were involved in violations of federal criminal laws.

2.     The Defendant Property is subject to forfeiture under 18 U.S.C. § 924 and 28 U.S.C. § 2461 because the Defendant Property was used to facilitate violations of 18 U.S.C. § 1951(a)

(Interference with Commerce by Threats or Violence), and 18 U.S.C. § 924(c)(1)(A)(iii) (Discharging Firearm during a Crime of Violence).

## JURISDICTION AND VENUE

3. This Court has subject-matter jurisdiction of this civil action for forfeiture commenced by the United States pursuant to 28 U.S.C. §§ 1345 and 1355(a), and over this particular action under 28 U.S.C. § 1331 and 18 U.S.C. § 924.

4. This Court has *in rem* jurisdiction over the Defendant Property pursuant to 28 U.S.C. § 1355(b).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1) and 28 U.S.C. § 1395(b) because the acts giving rise to this *in rem* forfeiture occurred in the Southern District of Mississippi, Northern Division, and the Defendant Property is located in this district.

## THE DEFENDANTS *IN REM*

6. The Defendant Property consists of the following: one (1) Star Ultrastar .40 caliber pistol with a magazine, serial number 13607-95, and seven (7) rounds of assorted .40 caliber ammunition, that were seized by the Jackson Police Department on January 15, 2016, following criminal acts that occurred within this district.

7. Pursuant to a joint federal-state investigation and in the interest of public safety, Federal Bureau of Investigation ("FBI") Task Force Officer Curlene Bell took possession of the Defendant Property on December 5, 2018. The Defendant Property is currently in the custody and management of the FBI in this district.

## FACTS AND BASIS FOR FORFEITURE

8. The Defendant Property is subject to forfeiture pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461 because the Defendant Property was used to facilitate violations of 18 U.S.C. §

1951(a) (Interference with Commerce by Threats or Violence), and 18 U.S.C. 924(c)(1)(A)(iii) (Discharging Firearm during a Crime of Violence).

9. Additionally, 18 U.S.C. § 924(d)(1) provides that all provisions of the Internal Revenue Code of 1986 relating to the seizure, forfeiture, and disposition of firearms, as defined by 26 U.S.C. § 5845(a), shall, so far as applicable, extend to seizures and forfeitures under 18 U.S.C. § 924.

10. A detailed account of the facts and circumstances supporting the seizure and forfeiture of the Defendant Property is set out in TFO Bell's declaration, which is attached hereto as Exhibit "A" and incorporated herein by reference.

11. The Defendant Property was in the possession of and used to facilitate the crimes committed by Gino Banks, Devonta Jimmerson, Keshone McAllister, and Willie Evans, who are all now felons based on their convictions for the underlying crimes.

## CLAIM FOR RELIEF
### (18 U.S.C. § 924 and 28 U.S.C. § 2461)

12. Paragraphs 1 through 11 above are incorporated by reference as though fully set forth herein.

13. The Defendant Property is subject to seizure and forfeiture to the United States pursuant to 18 U.S.C. § 924(d)(1), which authorizes the forfeiture of "[a]ny firearm or ammunition involved in or used in . . . any violation of any other criminal law of the United States." 18 U.S.C. § 924(d)(1). *See also* 21 U.S.C. § 2461 (providing broader forfeiture authorization).

## PRAYER FOR RELIEF

Plaintiff United States of America respectfully requests the following:

a. That the Clerk issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b)(i), which the Plaintiff will execute upon the Defendant Property pursuant to 28

3

U.S.C. § 1355(d) and Supplemental Rule G(3)(c);

b.  That notice of this action be given to all persons known or thought to have an interest in or right against the Defendant Property pursuant to Supplemental Rule G(4);

c.  That the Court find and decree that the Defendant Property be forfeited and condemned to the United States of America;

d.  That the Court award the United States its costs and disbursements in this action; and

e.  All other relief in favor of the United States that the Court deems just and proper.

Respectfully submitted,

D. MICHAEL HURST, JR.
United States Attorney

Dated: February 20, 2019         By:  *Marc A. Perez*
                                      MARC A. PEREZ
                                      Assistant United States Attorney
                                      WA Bar Number 33907
                                      501 E. Court Street, Suite 4.430
                                      Jackson, Mississippi 39201
                                      Telephone: (601) 965-4480
                                      Email: Marc.Perez@usdoj.gov

4

## VERIFICATION

I, Curlene Bell, hereby verify and declare under penalty of perjury that the following is true and correct to the best of my knowledge.

I am a Task Force Officer with the Federal Bureau of Investigation (FBI). I have read the foregoing Verified Complaint for Forfeiture *In Rem* and know the contents thereof, and I verify that the factual information contained therein is true and correct to the best of my knowledge, except that those matters not within my own personal knowledge are alleged on information and belief, and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States of America, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as an FBI Task Force Officer.

Dated this the 19 day of February, 2019.

*Curlene Bell*
Curlene Bell
Task Force Officer
Federal Bureau of Investigations

5

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA,                                          PLAINTIFF,

v.                                           CIVIL ACTION NO. 3:19CV135 HTW-LRA

ONE STAR ULTRASTAR .40 CALIBER
PISTOL WITH MAGAZINE, SERIAL
NUMBER 13607-95 and SEVEN ROUNDS
ASSORTED .40 CALIBER AMMUNITION,           DEFENDANT PROPERTY.

## DECLARATION

Under 28 U.S.C. § 1746, I, Curlene Bell, a Task Force Officer (TFO) with the Federal Bureau of Investigation (FBI), make the following unsworn declaration, under the penalty of perjury, pertinent to the above-styled and numbered case:

## I. BACKGROUND

1.      I am a Corporal Detective with the Jackson Police Department (JPD) where I have been assigned to the Narcotics Division since July 11, 2000. Since February 17, 2014, I have been a FBI TFO on the Violent Crimes Task Force. I am a graduate of the Mississippi Law Enforcement Officer's Training Academy Basic Class. I attended Alcorn State University majoring in Graphics Technology in 1982.

2.      As an FBI TFO, I am empowered to investigate violations of federal firearms laws as well as more substantive criminal violations, including carjacking and armed robberies. During my tenure with FBI, I have been involved in various capacities with numerous investigations involving the possession of firearms by convicted felons. In connection with my duties as an FBI TFO, I have also testified in judicial proceedings for violations of laws regulating firearms, codified at 18 U.S.C. §§ 921-931.

3.      I am personally involved in this investigation. In addition to my personal knowledge, the statements contained in this declaration are based in part on information provided by other federal, state, and/or local law enforcement personnel, including written investigative reports, records maintained by the National Crime Information Center and local law enforcement agencies, and my training and experience and the experience of other law enforcement officers.

**EXHIBIT A**

4.  The excerpts and descriptions provided below may not constitute the entire investigation, but contain only the information that I reasonably believe is relevant to establish that the named property is subject to civil seizure and forfeiture.

5.  The information contained in this declaration is provided for the limited purpose of establishing the basis for civil seizure and forfeiture of the named property. As discussed below, I submit there is a reasonable belief, as required by Rule G(2)(f) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions, that the United States will meet its burden of proof at trial that the Defendant Property facilitated violations of 18 U.S.C. § 1951(a) (Interference with Commerce by Threats or Violence), and 18 U.S.C. § 924(c)(1)(A)(iii) (Discharging Firearm during a Crime of Violence). Consequently, there is a reasonable belief that the Defendant Property is subject to forfeiture under 18 U.S.C. § 924 and 28 U.S.C. § 2461.

## II. PROPERTY SOUGHT TO FORFEITED

6.  a. One (1) Star Ultrastar .40 caliber pistol with a magazine, serial number 13607-95, and

   b. Seven (7) rounds assorted .40 caliber ammunition.

## III. FACTS AND CIRCUMSTANCES

7.  On January 15, 2016, around 12:04 a.m., in Hinds County in the Southern District of Mississippi, Northern Division, JPD officers responded to a distress alarm at the Stop & Shop convenience store located at 602 Beasley Rd., Jackson, Mississippi. The store clerk, JMG, advised the officers that, as he was preparing to close the store, three men physically assaulted and robbed him at gunpoint.

8.  The store's surveillance video shows a man, later identified as **Devonta Jimmerson,** driving a white Nissan Altima arriving at the store at approximately 11:50 p.m. on January 14, 2016. **Jimmerson** enters the store, speaks briefly to the store clerk, exits, and drives away.

9.  Then, at approximately 11:55 p.m., the store's surveillance video shows three men approaching the store on foot from the west and quickly entering through the front door. The first male is dressed in a red hoodie sweatshirt and black pants. The second male is wearing a blue hoodie with black pants, and the third is dressed in a black hoodie with black pants. JPD detectives later identified these individuals as **Gino Banks, Keshone McAllister,** and **Willie Evans**, respectively.



10. The security video further shows that, after entering the store, **Banks** and **McAllister** run around the counter. **Banks** strikes JMG about his head and face with closed fists. **McAllister** also assaults JMG and takes his cell phone. **Evans** jumps over the sales counter while brandishing the Defendant Star Ultrastar .40 caliber pistol with magazine, serial number 13607-95 ("Defendant pistol") and forces JMG to the ground. **Evans** grabs money from the cash drawer. After unsuccessful attempts to open the metal store safe, **Evans** fires approximately eight shots into the front of the safe with the Defendant pistol. **Evans** is still unable to breach the safe. The three perpetrators exit the store with approximately $250.00 in United States currency, JMG's cell phone, and an unknown number of cigarettes and cigars.

11. On January 15, 2016, at 3:23 a.m., (a few hours after the Stop & Shop robbery) JPD Officer Eric Stanton stopped a white Nissan Altima at Northside Dr. and Meadowhill in Jackson for a traffic violation. **Jimmerson** was driving, and **McAllister, Banks,** and **Evans** were passengers in the vehicle. Officer Stanton smelled a strong aroma of what he believed to be marijuana coming from the vehicle, and received **Jimmerson**'s consent to search the vehicle. During the vehicle search, officers found among other things the following: the cell phone stolen from JMG; the Defendant pistol with a magazine containing the Defendant seven live rounds of assorted .40 caliber ammunition that **Evans** brandished and discharged at the Stop & Shop; clothes matching the description of the suspects' clothing in the robbery of the Stop & Shop; and numerous cigars and cigarettes. All four individuals were arrested and charged with state crimes: robbery of an individual, robbery of a business, and simple assault.

12. After signing a waiver of his *Miranda* rights, **Jimmerson** provided information about borrowing a friend's white 2013 Nissan Altima on the evening of January 14, 2016. **Jimmerson** drove with **Banks, McAllister,** and **Evans** to the Stop & Shop located at 602 Beasley Road, Jackson, Mississippi. **Jimmerson** confirmed that he walked into the store, spoke briefly to the store clerk, and left. **Jimmerson**'s purpose was to evaluate the store prior to the robbery. **Jimmerson** returned to the car and advised **Evans, Banks,** and **McAllister** that the store had no protective glass and one clerk was working. Approximately five minutes later, **Banks, McAllister,** and **Evans** ran into the store and robbed JMG. According to **Jimmerson**, **Evans** called and told him to come pick them up. **Jimmerson** drove the Nissan Altima to meet **Banks, McAllister,** and **Evans** near a traffic light close to Callaway High School. **Jimmerson** stated that **Banks, Evans,** and **McAllister** requested that he open the trunk of the vehicle. **Evans, Banks,** and **McAllister** took off their outer clothing and placed it along with other items in the trunk. The three entered the car, and **Jimmerson** drove away.

13. JPD Investigator Stephanie Horn processed the crime scene at the Stop & Shop convenience store. Investigator Horn recovered eight spent shell casings from the scene: seven spent shell casings marked "Hornady 40 S &W" and one spent shell casing marked "PPU 40 S &W." During the traffic stop of **Jimmerson, Evans, Banks,** and **McAllister,** JPD officers found the Defendant pistol with a magazine containing seven live rounds, two rounds marked

**EXHIBIT A**

"Hornady 40 S&W" and five rounds marked "PPU 40 S&W." The Defendant seven live rounds of .40 caliber ammunition bear the same markings as the spent shells recovered at the crime scene.

14. On September 7, 2017, a two-count indictment was returned by a federal grand jury against **Banks, Jimmerson, Evans,** and **McAllister** in the United States District Court for the Southern District of Mississippi, Northern Division, for the criminal conduct described in this Declaration, specifically violations of 18 U.S.C. § 1951(a) (Interference with Commerce by Threats or Violence), (Count 1), and 18 U.S.C. § 924(c)(1)(A)(iii) (Discharging Firearm during a Crime of Violence), (Count 2).[1]

    a. **Banks** pleaded guilty to Counts 1 and 2 of the indictment and was sentenced to serve 15 months in prison as to Count 1 and 120 months as to Count 2, to run concurrently.[2]

    b. **Jimmerson** pleaded guilty to Count 1 interference with commerce by threat or violence, and the Court sentenced him to serve 70 months in prison.[3]

    c. **Evans** pleaded guilty to Counts 1 and 2 of the indictment, and the Court sentenced him to serve 40 months as to Count 1 and 120 months as to Count 2, to run consecutively.[4]

    d. **McAllister** was dismissed without prejudice from the indictment.[5] However, **McAllister**, was convicted by the state of Mississippi and sentenced to a state prison term of twenty years, with five years suspended.

15. By virtue of their felony convictions, **Jimmerson, Banks, Evans,** and **McAllister** are prohibited from possessing firearms or ammunition under 18 U.S.C. § 922(g)(1).

16. The indictment returned in *United States v. Banks, et al.* included a Notice of Intent to Seek Criminal Forfeiture of any property used to facilitate the offenses alleged in the indictment. Since the Defendant Property was in the custody of JPD's evidence laboratory, its

---

[1] *See* Indictment, *United States v. Banks, et al.*, 3:17-cr-102-DPJ-LRA.
[2] *See* Plea Agreement, *United States v. Banks*, 3:17-cr-102-DPJ-LRA-001, [ECF No. 63]; Plea Supplement, *United States v. Banks*, 3:17-cr-102-DPJ-LRA-001, [ECF No. 64].
[3] *See* Plea Agreement, *United States v. Jimmerson*, 3:17-cr-102-DPJ-LRA-002, [ECF No. 57]; Plea Supplement, *United States v. Jimmerson*, 3:17-cr-102-DPJ-LRA-002, [ECF No. 58].
[4] *See* Plea Agreement, *United States v. Evans*, 3:17-cr-102-DPJ-LRA-003, [ECF No. 61]; Plea Supplement, *United States v. Evans*, 3:17-cr-102-DPJ-LRA-003, [ECF No. 62].
[5] *See* Motion and Order of Dismissal, *United States v. Banks*, 3:17-cr-102-DPJ-LRA, [ECF No. 16].

**EXHIBIT A**

forfeiture was not ordered during the disposition of the criminal proceedings. The Defendant Star Ultrastar .40 caliber pistol, with a magazine, serial number 13607-95, and seven rounds assorted .40 caliber ammunition are no longer needed as evidence in the criminal proceedings of these four defendants. Consequently, on December 5, 2018, I took the Defendant Property into the custody of the FBI and referred this matter to the United States Attorney's Office for civil forfeiture proceedings.

17. On December 10, 2018, I requested a firearms trace summary for the Defendant pistol from the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF). The ATF firearms trace indicated that there is a potential claimant, who purchased the Defendant pistol on May 10, 1997.

## IV. CONCLUSION

18. Based on the above information, I submit there is a reasonable belief, as required by Rule G(2)(f) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions, that the United States will meet its burden of proof at trial that the Defendant Property was used to facilitate violations of 18 U.S.C. § 1951(a) (Interference with Commerce by threat or Violence) and 18 U.S.C. § 924(c)(1)(A) (Discharging a Firearm during the Crime of Violence) and that therefore the Defendant Property subject to forfeiture under 18 U.S.C. § 924 and 28 U.S.C. § 2461.

DATE: 2/19/2019

Curlene Bell
Task Force Officer
Federal Bureau of Investigations

**EXHIBIT A**

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

3:19-cv-135-HTW-LRA

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
United States of America

**DEFENDANTS**
1 Star Ultrastar .40 Caliber Pistol with Magazine, Serial # 13607-95 and 7 Rounds Assorted .40 Caliber Ammunition

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Hinds County**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Marc A. Perez, U.S. Attorney's Office
501 East Court Street, Suite 4.430, Jackson, MS 39201  (601) 965-4480

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

[X] 1  U.S. Government Plaintiff
[ ] 2  U.S. Government Defendant
[ ] 3  Federal Question (U.S. Government Not a Party)
[ ] 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | [X] 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land |  / ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** |  |  |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

[X] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from another district (specify)
[ ] 6 Multidistrict Litigation
[ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
18 U.S.C. 924 and 28 U.S.C. 2461

Brief description of cause:
Civil forfeiture of 1 Star Ultrastar .40 Caliber Pistol and ammunition seized from Gino Banks, et al.

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  [X] No

## VIII. RELATED CASE(S) IF ANY
(See instructions)  JUDGE _____  DOCKET NUMBER _____

DATE: 2/20/2019
SIGNATURE OF ATTORNEY OF RECORD: /s/ Marc A. Perez  *Marc A. Perez*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____